CHAMPLIN, Plaintiff in error, v. STATE, Defendant in error.

*No. 76–149–CR. Submitted on briefs May 3, 1978.—*
*Decided June 30, 1978.*
(Also reported in 267 N.W.2d 295.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Melvin F. Greenberg,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Nadim Sahar,* assistant attorney general.

DAY, J. The plaintiff in error, Larry Champlin was convicted of the burglary of the Elroy Hotel, in violation of sec. 943.10 (1) (a), Stats. 1975. On this appeal, Mr. Champlin contends that under the Wisconsin statute there was insufficient evidence to support his conviction for burglary because he entered a building that was open to the public, with intent to steal. We agree.

Larry Champlin and Donald Sorenson discussed doing "this job . . . to make a little money" on Thursday, December 10, 1974. The "job" involved an undisclosed location and the Elroy Hotel. The two again discussed the matter on Friday, December 20, 1974. At about

3:00 a.m., on Saturday, December 21, 1974, Champlin came to visit Sorenson and asked "Are you ready?" Sometime thereafter, in the early morning hours of December 21, Champlin and Sorenson entered the lobby of the Elroy Hotel, Elroy, Wisconsin and removed a cash register and a television set from the lobby.

Prior to December 21, 1974, Champlin resided with Mr. and Mrs. Clarence Sorenson in Elroy. No testimony was presented at trial tending to establish that the defendant's entry into the Elroy Hotel on December 21, 1974 was for any purpose other than to steal.

The lobby of the Elroy Hotel is open to the public twenty-four hours a day, and was open to the public during the early morning hours of December 21, 1974. There is no bell outside the hotel, but there is a bell on the counter in the lobby.

On April 30, 1975, following a jury trial in the circuit court for Juneau County, Champlin was found guilty of burglary contrary to sec 943.10(1)(a), Stats. 1975. Post-conviction motions to vacate the conviction were denied by orders issued on December 15, 1975 and June 8, 1976. The defendant appeals from the judgment of conviction and from the orders denying his post-conviction motions.

Sec. 943.10, Stats. 1975 codifies the common law crime of burglary or breaking and entering and provides in pertinent part:

"**Burglary.** (1) Whoever intentionally *enters* any of the following places *without the consent* of the person in lawful possession and with intent to steal or commit a felony therein may be imprisoned not more than 10 years;

"(a) Any building or dwelling . . .

"(3) For the purpose of this section, *entry into a place during the time when it is open to the general public is with consent.*" (Emphasis supplied.)

If the statute were the only law before us, we would have to conclude that, ". . . entry into a place during

the time when it is open to the public is with consent." Sec. 943.10(3). But the state contends that consent to enter a place while open to the general public is,

". . . impliedly conditioned by time, place and purpose. It is the extent and scope of the consent of the one in possession which determines the legality of the entry and presence of the public within the structure." *Levesque v. State,* 63 Wis.2d 412, 415, 416, 217 N.W.2d 317 (1974).

The state's position is that a person who enters a building with an intent to steal has entered without consent and has committed burglary, regardless of whether the building is open to the public.

Given the language in *Levesque, supra,* it is arguably unclear whether the plain language of sec. 943.10(3), Stats., is controlling.

"When a statute has been construed by the highest court having jurisdiction to pass on it, such construction is as much a part of a statute as if plainly written into it originally." *State ex rel. Klingler & Schilling v. Baird,* 56 Wis.2d 460, 468, 202 N.W.2d 31 (1972).

Because of *Levesque* there is some ambiguity in construing sec. 943.10 and the legislative history of the statute may be considered. *Milwaukee Firefighters Asso. v. Milwaukee,* 50 Wis.2d 9, 13, 14, 183 N.W.2d 18 (1971); *State ex rel. Klingler & Schilling v. Baird,* 56 Wis. at 465. The legislative history envinces an unmistakable intent to exclude from the scope of the burglary statute entries into a place open to the general public, during a time when it is so open. The history and intent buttress the plain meaning of sec. 943.10(3), Stats.

Sec. 943.10, Stats., was created as part of the comprehensive revision of the Wisconsin Criminal Code, which was completed with the enactment of Chapter 696, Laws of 1955. One of the stated objectives of the revision of the Wisconsin Criminal Code was that of

"[S]implifying the criminal law by removing obsolete material and stating each section in clear, concise and definite language so that the scope of the section will be plain."[1]

The comprehensive revision was formulated in successive drafts by the Judiciary Committee of the Legislative Council and later by the Advisory Committee on the Criminal Code. The written comments of legislatively created advisory committees are relevant in construing statutes and ascertaining the legislative intent of statutes recommended by such committees. *Green Bay Packaging, Inc. v. ILHR Dept.*, 72 Wis.2d 26, 34, 240 N.W.2d 422 (1976); *State v. Genova*, 77 Wis.2d 141, 151, 252 N.W.2d 380 (1977).

The original draft of what finally emerged as sec. 943.10, Stats., provided in pertinent part:

"**343.10. Burglary.** Whoever enters any structure without the consent of the owner and with intent to steal or commit a felony therein may be imprisoned not more than 10 years." S.B. 784 (1951).

The comments to the proposed section stated in part:

"As far as the basic elements of burglary are concerned . . . There must be (1) an entry of a structure, (2) the entry must be without consent of the owner, and (3) the entry must be made with intent to steal or commit a felony in the structure.

". . . Both 'without consent' and 'owner' are defined in chapter 339. Owner refers to the possessor of property, not necessarily to the holder of legal title. As entry is without consent when there has been no consent in fact, either express or implied, or the consent has been obtained by the use or threat of force, or by fraud. When consent was obtained by fraud, the common law held there was a constructive breaking. Failure to take note of the fiction of constructive breaking has

---

[1] Legislative Council Introduction to A.B. 100 (1953), 1953 Report of Wisconsin Legislative Council, Vol. V, Judiciary Committee Report on the Criminal Code (submitted February, 1953) at page ii.

led some courts to hold that under statutes which have eliminated the requirement of breaking, it is burglary to steal from a building where the general public is invited, e.g., a store or tavern. (L.R.A. 1915D 1015; 23 ALR 288). This is not the law under this section. A thief who walks into a store as a member of the general public can in no sense be said to have used fraud in gaining his entry."[2]

The second draft of the revised burglary statute, enacted as Chapter 623, Laws of 1953,[3] made several changes in the first draft, including the following addition to proposed section 343.10.

". . .(2) Entry into a business place or other structure open to the general public is not burglary if the entry takes place during the time when the general public is invited, even though the person in lawful possession of the structure would have objected to the entry had he known the actor's purpose in entering."

The Legislative Council explained the addition as follows:

". . . (2) That the entry was made without the consent of the person in lawful possession of the structure. 'Without consent' is defined in section 339.22. Consent to enter which is obtained by the use or threat of force or by pretense of legal authority is in legal effect entry 'without consent.' The same ordinarily is true of consent obtained because the person giving the consent is mistaken as to the nature of the thing to which he consents, *but subsection (2) of this section makes clear that this does not apply under circumstances where the*

---

[2] 1950 Report of Wisconsin Legislative Council, Vol. VII, Report on the Criminal Code (Submitted, April 1951) at 81, 82.

[3] Chapter 623, Laws of 1953 was enacted by the legislature and signed by the governor. Its effective date was to have been July 1, 1955, provided that this version of the code was re-enacted by the 1955 session of the legislature. Sec. 281, ch. 623, L. 1953. Sec. 282 of this session law created the Criminal Code Advisory Committee, which produced the draft language ultimately enacted as sec. 943.10, Stats.

*general public is invited to enter. Because the law of burglary has been unsettled on this point* (see L.R.A. 1915D 1015; 23 A.L.R. 228 (1923)), *a clarification of the law is desirable.* Who is the 'person in lawful possession' is a question of fact and law in each case, but the phrase makes clear that lawful possession rather than legal title is the important consideration in the law of burglary. (Emphasis supplied.)[4]

The final form of sec. 943.10(3), Stats., resulted from the efforts of the Advisory Committee on the Criminal Code. The deletion of "even though the person in lawful possession would have objected had he known the actor's purpose in entering" is the crucial difference between ch. 623, Laws of 1953 and the final form of the burglary statute. Although the deletion, standing alone, might appear ambiguous, the minutes of the Advisory Committee disclose that no change in meaning from the 1953 version to the present language of sec. 943.10(3) was contemplated.[5]

The enactment of the current Wisconsin Criminal Code by Chapter 696, Laws of 1955 repealed sec. 343.13, Stats. 1953 which provided as follows:

"**Unlawful Entry.** Any unlawful entry of a dwelling house . . . or other building with intent to commit a felony shall be deemed a breaking and entering of such dwelling house or other building within the meaning of sections 343.09 to 343.122."

The other burglary provisions in the old Criminal Code required a breaking and entering, but this section, ef-

---

[4] 1953 Report of Wisconsin Legislative Council, Vol. V, Judiciary Committee Report on the Criminal Code (Submitted February 1953) at 102. It may be noted that sec. 339.22, referred to in the comment was to become sec. 939.22(48). This section is not relevant to the present case.

[5] Wisconsin Legislative Council, Criminal Code Advisory Committee Meeting, pp. 15, 16 (June 5, 1954).

fectively removed the need for any actual "breaking" to prove burglary. The repeal of this section and the creation of sec. 943.10(3), unequivocally removes common-law constructive breaking from the scope of burglary in Wisconsin, at least when the person in lawful possession holds the premises open to the general public.

The state relies on *Nicholls v. State,* 68 Wis. 416, 32 N.W.2d 543 (1887), where this court had occasion to construe sec. 343.13 (then sec. 411, R.S. 1878) and to discuss the common-law of constructive breaking. The court concluded that the *"any* unlawful entry" language in sec. 343.13 did not evidence a legislative intent to narrow the scope of constructive breaking as defined at common-law. Sec. 939.10, Stats. 1975 provides that common-law rules of criminal law survive only if they are consistent with the Criminal Code. It follows that any reliance on the language in *Nicholls* by the state is misplaced because sec. 343.13, Stats., has been repealed and because the plain language of sec. 943.10(3), Stats. must prevail over the common-law of constructive breaking.

The state places primary reliance on *Levesque, supra.* In *Levesque* the court upheld a conviction for burglary where the defendant had entered a restaurant while it was open to the general public, but then removed a ceiling tile from a restroom and hid himself in the ceiling until after the restaurant was closed. He then descended, entered the kitchen, a room not open to the general public, and rifled a safe. There is some dicta in *Levesque* that supports the state's position in this case, but the rule of *Levesque* may be stated as follows,

"On the effect of the right to enter premises, 12 C.J.S., Burglary, p. 675, sec. 11, states: 'Entering a place where one has a right to be, although with intent to commit a crime, is not burglary; but one having a gen-

eral right to be in a building may be guilty of burglary where he enters at a time or place beyond his authority.' To this, we would add 'or remains at a time or place beyond his authority.' 'Entry' in sec. 943.10(1)(a), Stats., must be construed to mean not only the simple act of passing through the outer wall of a structure but also the result of such action, namely, presence within the structure." *Levesque* at 63 Wis.2d 417.

Levesque exceeded the scope of the public's invitation to the restaurant, both as to place and time. By fraudulent means he stayed in the restaurant after it was closed and then entered the kitchen, a room not open to the public. In this case Champlin stole from the hotel lobby at a time when that lobby was open to the public. Champlin's conduct was reprehensible and illegal, but it was not burglary under sec. 943.10(1), Stats.[6]

The state also relies upon *People v. Barry,* 94 Cal. 481, 29 P. 1026 (1892). This case appears in the annotation, "Entry Without Breaking," 23 ALR 288 (1923). *Barry* and succeeding cases in California construed the broad language of the California burglary statute. The cases in the A.L.R. annotation were expressly rejected in the Legislative Council comments set forth above and were implicitly rejected by the plain langauge of sec. 943.10(3), Stats.[7]

*By the Court.*—Judgment of conviction and orders reversed with directions to dismiss the action against the defendant.

---

[6] There was testimony that Champlin entered other rooms in the hotel in search of money. The record does not state whether such rooms were open to the public. Champlin was not charged with burglary of a room contrary to sec. 943.10(1)(e), Stats.

[7] Fn. 4, *supra.*