The State of Ohio, Appellant, *v.* Barksdale, Appellee.

[Cite as State *v.* Barksdale (1983), 2 Ohio St. 3d 126.]

(No. 82-204—Decided January 5, 1983.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Leon J. Daidone,* for appellant.

*Messrs. Denny & Malloy* and *Mr. Steven M. Cox,* for appellee.

LOCHER, J. Appellant, state of Ohio, in the case at bar, urges us to hold that a party, who enters premises open to the public with an intent to commit thereon a felonious act, forfeits his right of entry and becomes a trespasser, subject to prosecution under R.C. 2911.13 for breaking and entering. Cognizant of the increased and legislatively unintended exposure to criminal liability such a rule would engender for many defendants, we must reject appellant's entreaties.

R.C. 2911.13(B), under which appellee was indicted, declares: "No person shall trespass on the land or premises of another, with purpose to commit a felony." Thusly defined, breaking and entering is a less severe form of burglary,[1] punishable as a fourth degree felony.

As the language of R.C. 2911.13(B) indicates, the commission of a "trespass" is a *sine qua non* of the offense of breaking and entering. The acts that constitute criminal trespass are delineated in R.C. 2911.21, which, in pertinent part, provides:

"(A) No person, without privilege to do so, shall do any of the following:

"(1) Knowingly enter or remain on the land or premises of another;

"(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours when the offender knows he is in violation of any such restriction or is reckless in that regard."

---

[1] R.C. 2911.12, the burglary statute, provides:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony.

"(B) Whoever violates this section is guilty of burglary, a felony of the second degree."

R.C. 2901.01(L) defines "privilege," a term upon which R.C. 2911.21 pivots, as meaning "an immunity, license, or right conferred by law, or bestowed by express or implied grant, or arising out of status, position, office, or relationship, or growing out of necessity." Neither party to the herein cause disputes the fact that the automobile dealer's tacit invitation extended the general public to visit the proprietor's lot to view the vehicles thereon was a grant of privilege. What is controverted, however, is whether a party who entered the lot with the purpose not of shopping for automobiles but of committing a felony, relinquished such privilege.

This court is convinced that were we to find that appellee, by virtue of his felonious intent, lost his right to enter the lot, a dramatic and completely unfounded change would be wrought in our system of justice. Literally thousands of criminal defendants, heretofore chargeable with only one offense, would suddenly find themselves answerable for a second, with no concomitant benefit accruing to society for whose protection the criminal statutes replete with their penalties exist. Without regard to the nature of their crimes, defendants would incur liability for breaking and entering whenever they stepped onto premises—whether stores, offices or even their own friends' and relatives' homes—with the intention of committing a felony. Though we certainly do not wish to reward criminals for exploiting the innocently extended invitations of merchants, shopkeepers and gracious hosts, neither do we care to penalize criminals indiscriminately for acts for which the General Assembly clearly intended no punishment.

The treatment that would be accorded a shoplifter, if appellant's construction of R.C. 2911.13(B) were to become the law, best exemplifies the potential oppressiveness of such an interpretation of the breaking and entering statute. Traditionally, theft and larceny statutes have been relied on to prosecute shoplifters.[2] Under the regime which appellant envisions, however, a shoplifter would also be liable for breaking and entering, his felonious purpose[3]—shoplifting—having vitiated his privilege to enter the store, a privilege enjoyed by the general public. The General Assembly clearly did not intend such a radical and unwarranted extension of the breaking and entering statute.

Although the instant cause asks us to traverse what is, for this court, virtually unexplored legal terrain, the issue presented herein has been confronted by tribunals in other jurisdictions. A Florida appellate court, in construing its breaking and entering statute, adopted an approach much like that which we take today. *Jackson* v. *State* (Fla. App. 1972), 259 So.2d 739.

---

[2] In Ohio, the theft statute, R.C. 2913.02, has replaced former Code provisions, R.C. 2907.20 and 2907.21, which criminalized larceny.

[3] To possess felonious purpose, a shoplifter would have to intend wrongfully to appropriate property with a value of at least one hundred fifty dollars or property enumerated under R.C. 2913.71 or have been previously convicted of a theft offense. The shoplifter who planned to commit petty theft, a misdemeanor, clearly cannot be prosecuted for breaking and entering as he lacks the requisite felonious intent. See R.C. 2913.02(B).

Indeed, in his concurring opinion therein, Judge McNulty directly and cogently addressed the issue of whether a party, possessing a felonious intent, forfeits any privilege he has to enter upon another's land. He wrote: "Lawful entry, although with a sinister design, does not become unlawful retroactively merely because a planned offense is thereafter committed. A shoplifter, for example, is a thief, not a burglar." *Jackson* v. *State, supra,* at 745.

The Wisconsin Supreme Court ruled similarly when called upon to interpret, within the context of factual circumstances analogous to those of the case at bar, its burglary statute. *Champlin* v. *State* (1978), 84 Wis. 2d 621, 267 N.W. 2d 295. The *Champlin* court held that however "reprehensible and illegal" are the actions of a party who steals from a place open to the general public, he may not properly be charged with burglary. *Champlin* v. *State, supra,* at 629.

The Supreme Court of North Carolina has also exhibited particular prescience in appraising the potential inequities that would result from holding that a party, otherwise privileged to be on another's property, becomes, through harboring felonious motives, a trespasser. *State* v. *Boone* (1979), 297 N.C. 652, 256 S.E. 2d 683. In delimiting the proper scope of its felonious entry statute—virtually identical to Ohio's breaking and entering law—the North Carolina court decried attempts to widen the statute's reach:

"The interpretation contended for by the state would render the statute so broad as to make it virtually meaningless. A witness entering a courthouse intending to commit perjury would be guilty of felonious entry. * * * [Citations omitted.] Equally guilty would be a man entering his own home or office intending to file a fraudulent tax return. * * * [Citation omitted.] If such persons do what they intend, they will commit criminal acts; but their crimes should only be, respectively, perjury and tax evasion—not felonious entry." *State* v. *Boone, supra,* at 658-659.

We fully concur with the reasoning expressed in the opinions of our sister courts which have addressed the question posed herein concerning the proper application of breaking and entering statutes. R.C. 2911.13 was designed to punish unauthorized entry with felonious intent upon another's property where the entry itself was significantly egregious. The statute was not meant to function so as to enhance every criminal violation occurring on property not owned by the defendant. Such a construction does no more than trivialize the offense of breaking and entering, and cannot be embraced.

Moreover, we are strengthened in the views we express today by the strictures of R.C. 2901.04(A), which mandates that: "Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." To interpret the breaking and entering statute in a way that imposes greater liabilities upon criminal defendants than the General Assembly intended comports with neither the words nor the spirit of R.C. 2901.04(A). See *State* v. *Carroll* (1980), 62 Ohio St. 2d 313 [16 O.O.3d 359].

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, PARRINO and C. BROWN, JJ., concur.

HOLMES and KRUPANSKY, JJ., dissent.

PARRINO, J., of the Eighth Appellate District, sitting for SWEENEY, J.

HOLMES, J., dissenting. In my opinion, the majority too narrowly reads the relevant statutes, so I respectfully dissent.

Appellee was indicted, and convicted, for violating R.C. 2911.13(B), breaking and entering. The evidence revealed that appellee entered a used car lot at Arena Dodge while it was closed. Admittedly, there was an implied invitation for the public to enter the lot when it was closed to look at cars. However, in my opinion, a correct analysis of R.C. 2911.13(B) leads to the conclusion that appellee violated it when he broke into a locked car and took the property.

R.C. 2911.13(B) provides:

"No person shall trespass on the land or premises of another, with the purpose to commit a felony."

It is not disputed that the theft by appellee was a felony. See R.C. 2913.02. Therefore, the question becomes, did appellee commit a trespass. The acts which may constitute a trespass are set forth in R.C. 2911.21, which, in pertinent part, reads:

"(A) No person, without a privilege to do so, shall do any of the following:
"* * *

"(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows he is in violation of any such restriction or is reckless in that regard; * * *"

Here, it is not that appellee's entry onto the lot was restricted; rather, appellee remained on the lot for a purpose that was lawfully restricted. Specifically, the appellee remained on the premises to commit a theft, a restriction of which one may assume the appellee was aware.[4]

Lastly, *State* v. *Carroll* (1980), 62 Ohio St. 2d 313 [16 O.O.3d 359], upon which the court of appeals relied, does not necessitate a contrary result. In *Carroll,* this court decided that a motor vehicle is not an "unoccupied structure" as that term is used in R.C. 2911.13(A). *Carroll* did discuss the meaning of "trespass" contained in R.C. 2911.13(B).

Based on the foregoing, I would reverse the judgment of the court of appeals and reinstate appellee's conviction.

KRUPANSKY, J., concurs in the foregoing dissenting opinion.

---

[4] The appellee's privilege to remain on the lot terminated when he remained for a purpose in violation of that privilege.