THE STATE OF OHIO, APPELLANT, *v.* LYONS ET AL., APPELLEES.

[Cite as State *v.* Lyons (1985), 18 Ohio St. 3d 204.]

(No. 84-1750—Decided July 17, 1985.)

*John T. Corrigan,* prosecuting attorney, and *William Caine,* for appellant.

*Russell R. Kirtz,* for appellee Lyons.

*Hyman Friedman,* public defender, *Marillyn F. Damelio* and *Steven E. Elder,* for appellee Nix.

CLIFFORD F. BROWN, J.  The issue before us is whether a defendant may be convicted of breaking and entering under R.C. 2911.13(B) where he enters property, open to the public in exchange for a fee, for purposes of committing a felony, when he has no intention of paying such a fee. We hold that a conviction for breaking and entering is proper under these circumstances.

R.C. 2911.13(B) provides that, "[N]o person shall trespass on the land

or premises of another, with purpose to commit a felony." This court recently construed this provision in *State v. Barksdale* (1983), 2 Ohio St. 3d 126. In that case, the defendant was convicted of breaking and entering when he entered a used car lot after hours and stole several items from some of the cars displayed there. (2002 Ohio Supreme Court Briefs and Records, 3d Series, No. 82-204.) This court affirmed the reversal of his conviction, finding that the essential element of trespass is absent where the defendant is privileged to be on the premises due to the owner's tacit invitation to the public to visit his lot and view the vehicles offered for purchase. We held that "[f]or purposes of R.C. 2911.13(B), a business invitee or licensee, who commits a felony while present on another's land or premises, does not thereby become a trespasser." *Id.* at the syllabus. In so holding, this court expressed its concern with the potential inequities of subjecting criminal defendants to an unexpected second liability merely for stepping upon premises owned by another with the intention of committing a felony. *Id.* at 128.

Our review of *Barksdale* compels us to conclude that it is distinguishable from the instant cause on a crucial point. In *Barksdale,* the owner of the premises impliedly invited all persons to enter without requiring the payment of a fee in exchange for the privilege to enter. In the case at bar, no one is invited to enter without tendering a fee. Thus, the element of privileged entry, central to the analysis in *Barksdale,* is entirely absent here. The requirement of a fee upon entry makes the consent to enter *conditional* upon the proper payment of such fee. Where no payment is intended, no privilege to enter can exist. Where no privilege exists, entry constitutes trespass. R.C. 2911.21(A).[1]

Moreover, the inequity perceived by the *Barksdale* court of imposing an unexpected second liability on a criminal defendant cannot arise where the defendant enters the premises without authority, permission, or privilege.

Accordingly, we hold that for purposes of R.C. 2911.13(B), an otherwise unauthorized entry onto property restricted to those who pay a fee constitutes trespass where the person entering the property manifests no intention to pay the fee. Where that person enters the property with the purpose of committing a felony, such entry constitutes breaking and entering under the above statute.

Based on the foregoing, we hereby reverse the judgment of the court of appeals and reinstate defendants-appellees' convictions for breaking and entering.

*Judgment reversed.*

---

[1] R.C. 2911.21(A), the criminal trespass statute, provides in pertinent part: "No person, *without privilege to do so,* shall do any of the following: * * *." (Emphasis added.)

CELEBREZZE, C.J., SWEENEY, LOCHER and DOUGLAS, JJ., concur.

HOLMES and WRIGHT, JJ., concur separately.

HOLMES, J., concurring. I agree with the majority's decision to uphold appellees' convictions. I cannot, however, support the reaffirmation of *State* v. *Barksdale* (1983), 2 Ohio St. 3d 126, or the narrow interpretation of R.C. 2911.13(B), breaking and entering, and R.C. 2911.21(A), trespass.

Breaking and entering occurs when there has been a trespass "with purpose to commit a felony." R.C. 2911.13(B). Since a felony was committed herein, the question becomes whether a trespass occurred in the process of committing such felony. R.C. 2911.21 defines "trespass" as follows:

"(A) No person, without privilege to do so, shall do any of the following:

"(1) Knowingly enter or *remain* on the land or premises of another;

"(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender *knows* he is in violation of any such restriction or is *reckless* in that regard * * *." (Emphasis added.)

*Barksdale* effectively removed the element "remain" from that portion of the trespass statute quoted above and consequently narrowed the breaking and entering statutory provision. See *Barksdale, supra,* at 130. (Holmes, J., dissenting.) Because *Barksdale* eliminated this element, the necessity arises to factually distinguish that case from the present case. Furthermore, today's opinion continues the interpretation of R.C. 2911.13(B) and 2911.21(A) to encompass only the *entry* portion of the trespass statute. The test evolved is whether there was a privileged entry. Such a test is entirely too narrow in light of the statute's language.

WRIGHT, J., concurs in the foregoing concurring opinion.