OPINION
Appellant, Randy Waits, appeals an adjudication of the Warren County Court of Common Pleas, Juvenile Division, finding him delinquent for committing acts that constituted the crimes of burglary, prohibition, and obstructing official business. We affirm the judgment of the trial court.
On July 20, 2000, appellant and another teenage male, Aaron F., met Ashley W., age fourteen, and Jennifer P., age fifteen, at the Warren County Fair, in Lebanon, Ohio. They left the fair together late in the evening. The girls went to Ashley's home, while the boys went elsewhere. Appellant called Ashley around 12:30 a.m. Her mother answered the phone and told appellant that it was too late to call and refused to put Ashley on the phone. When appellant called Ashley again a few minutes later, her mother hung up the phone without speaking to appellant.
A short while later, appellant and Aaron went to Ashley's residence. They spoke to Ashley and Jennifer through the open window in Ashley's bedroom. When they asked to come in, Ashley told them they could enter, but that her bedroom door had been removed. The boys then declined to enter, but asked if they could go into the garage attached to the home. Ashley agreed to this, and she and Jennifer met the boys in the garage. Ashley remained in the garage for five or ten minutes, and then went back inside to bed. Jennifer remained in the garage with the boys, who began consuming beer they had brought with them.
Around 3:00 a.m., the Lebanon police were alerted to a possible burglary at the residence. The responding officers parked their patrol cars several houses away, and proceeded on foot. As they approached the residence, they could see that the garage door was raised approximately three feet. Appellant was outside the garage in the driveway. When he saw the police, he ducked back into the garage and yelled "cops." He and Aaron opened the door leading into the home where Ashley and her mother were sleeping, traveled through the kitchen, and then fled out the back door. As the police approached the rear of the house, they saw the two boys exit from the back door of the house and begin running across the porch. They stopped when the officers instructed them to and were apprehended by the police. Ashley's mother was awakened by the ruckus, and came out to see what was transpiring. She was incredulous when the police informed her that the boys had come from inside her house.
Subsequently, appellant was charged with burglary, prohibition, and obstructing official business. A complaint was filed alleging that appellant was a delinquent child pursuant to R.C. 2151.02 based upon these charges. After an adjudicatory hearing before a magistrate, appellant was found to be a delinquent child based on all three charges. Appellant filed objections to the magistrate's decision which were overruled by the trial court. A dispositional hearing was held, and appellant was sentenced accordingly. This appeal follows, in which appellant raises two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING BEYOND A REASONABLE DOUBT THAT HE COMMITTED THE OFFENSE OF BURGLARY.
 Appellant contends that he should not have been adjudicated delinquent based on the burglary charge, because the state failed to prove an essential element of the offense: that he knowingly entered the residence without privilege. Appellant contends that Ashley's invitation to enter her bedroom and the garage extended a privilege to him to enter other areas of the home.
The offense of burglary is committed by "trespass[ing] in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." R.C.2911.12(A)(4). The acts that constitute criminal trespass, a sine quanon of the offense of burglary, are delineated in R.C. 2911.21, which states in pertinent part:
 (A) No person, without privilege to do so, shall do any of the following:
 (1) Knowingly enter or remain on the land or premises of another;
 (2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours when the offender knows he is in violation of any such restriction or is reckless in that regard.
 R.C. 2901.01(L) defines "privilege," a term upon which R.C. 2911.21 pivots, as meaning "an immunity, license, or right conferred by law, or bestowed by express or implied grant, or arising out of status, position, office, or relationship, or growing out of necessity." One who enters property with privilege is not guilty of trespass. State v. Barksdale (1983), 2 Ohio St.3d 126. At issue in the present case is whether sufficient evidence was presented at trial to establish that appellant knowingly entered the residence without privilege.
The function of an appellate court when reviewing the sufficiency of the evidence underlying a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
Based upon a review of the evidence presented, we cannot conclude that the trial court lost its way when it found that appellant was a "trespasser" and that appellant had committed burglary. Ashley's mother testified that she informed appellant around midnight that it was too late to call Ashley. After this conversation, appellant knew that he would not be allowed in the common areas of the home, as evidenced by the fact that upon his arrival he approached Ashley's bedroom window, not the home's front door. It is further evidenced by the fact that he declined to enter Ashley's room through the window when he was told that the room did not have a door. Ashley's subsequent invitation for appellant to enter the garage extended no further than the confines of that area. Appellant did not enter through the front door and exit into the garage; rather, Ashley left her room, met him in the garage and let him in.
Construing this evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of R.C. 2911.12(A)(4), including the element that appellant was a "trespasser," proven beyond a reasonable doubt. Accordingly, the first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING BEYOND A REASONABLE DOUBT THAT HE COMMITTED THE OFFENSES OF OBSTRUCTING OFFICIAL BUSINESS AND RESISTING ARREST.
 In this assignment of error, appellant first alleges that the trial court erred in making a finding of delinquency based on the offense of obstructing official business. Appellant alleges that the charge of obstructing official business was not supported by sufficient evidence.
Appellant failed to object to the portion of the magistrate's decision regarding the obstructing official business charge. Appellant only objected to the magistrate's decision "in relation to the charge of Burglary."
Juv.R. 40(E)(3)(b) provides, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The waiver under Juv.R. 40(E)(3)(b) "embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." Inre Etter (1998), 134 Ohio App.3d 484, 492, citing Goldfuss v. Davidson
(1997), 79 Ohio St.3d 116, 121. By failing to object to the magistrate's decision, appellant has waived his right to assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law.Id.; Juv.R. 40(E)(3)(b).
Appellant lastly contends that the trial court's adjudication of delinquency based on the charge of resisting arrest was not supported by sufficient evidence.
The case from which appellant appeals charged him with three offenses: burglary, prohibition, and obstructing official business. It was based on these charges that he was adjudicated a delinquent child. Appellant was charged with resisting arrest in another case which was not heard at the same time as the charges in the present matter. The record does not indicate that appellant ever requested that the cases be consolidated on appeal. Accordingly, this portion of the assignment of error is not properly before us, and we will not consider it. The second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.