[Cite as *State v. Sparent*, 2012-Ohio-586.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96710**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH SPARENT

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-541868

**BEFORE:**   Stewart, P.J., Cooney, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   February 16, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Andrew Rogalski
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH   44113


MELODY J. STEWART, P.J.:

{¶1}   Defendant-appellant, Joseph Sparent, was convicted of four counts of theft and four counts of burglary in four cases that were consolidated for trial.  The state charged that Sparent, a painting contractor, stole items from homeowners while on four separate painting jobs.  Sparent testified at trial and admitted the thefts, but maintained that there was insufficient evidence to prove the trespassing element of the burglary counts.  He claimed at trial, as he now does on appeal, that the evidence showed that his presence in each of the four houses was privileged because he was validly admitted as a

business "licensee."

I

{¶2} The state charged Sparent with burglary under R.C. 2911.012(A)(2). That section states that no person, by force, stealth, or deception, shall:

{¶3} "Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"

{¶4} As relevant here, "trespass" means that without privilege to do so, one knowingly enters or remains on the land or premises of another. R.C. 2911.21(A)(1).

{¶5} In support of his first four assignments of error, arguing that the evidence is insufficient to sustain the burglary convictions, Sparent cites *State v. Barksdale*, 2 Ohio St.3d 126, 443 N.E.2d 501 (1983), in which the Ohio Supreme Court held that it would not extend the breaking and entering statute to cover a situation in which Barksdale, being lawfully on a car lot after the lot had closed, entered vehicles on the lot and committed theft offenses. Barksdale had appealed his conviction on grounds that the state failed to prove the lack of privilege element of trespassing because the car lot was open to the public at the time he committed the offenses. The court reasoned that extending the breaking and entering laws to apply to Barksdale would result in a shoplifter being "liable for breaking and entering, his felonious purpose — shoplifting — having vitiated his privilege to enter the store, a privilege enjoyed by the general public." *Id.* at 128

(footnote omitted). Noting that thousands of criminals could be charged with burglary under such circumstances, it found that the "[t]he General Assembly clearly did not intend such a radical and unwarranted extension of the breaking and entering statute." *Id.*

{¶6} The Supreme Court distinguished *Barksdale* in *State v. Steffen*, 31 Ohio St.3d 111, 115, 509 N.E.2d 383 (1987), upholding an aggravated burglary conviction by finding that Steffen's permission to enter the victim's house had been terminated once he began his assault on the occupants of the house. Noting that *Barksdale* involved a public car lot as opposed to the private home scenario in *Steffen*, the court stated: "The interest of a private person in the inviolability of his home is materially greater than that of a business owner in his business premises, particularly where the business premises are open to the public." The court also noted that "a privilege once granted may be revoked" and that "unlike in *Barksdale*, the felony committed, once on the premises, was one of violence, directed against a human being who had the ability and the authority to revoke the privilege of initial entry, if such privilege was in fact granted * * *." *Id.*

{¶7} This court, relying on *Steffen*, upheld a burglary conviction in *State v. Lofton*, 8th Dist. No. 91330, 2009-Ohio-3732, 2009 WL 2263819, finding that Lofton's privilege to enter the victim's house was revoked when Lofton assaulted the victim as a result of being denied money. We found that once the assault began, Lofton knew that his privilege to be in the victim's house terminated, thus establishing the trespass element of burglary. *Id.* at ¶45.

{¶8} Sparent did not commit an act of violence in any of the four houses

involved in this case, but that fact does not necessarily distinguish this case from *Steffen* and *Lofton*. The question in those cases was whether the privilege to enter the premises had been revoked. That question was easily answered because the violent assaults in each case surely exceeded the scope of the privilege to enter into, or remain in, the houses.

{¶9} The homeowners-victims who hired Sparent in this case granted him a limited privilege to enter their houses for the specific purpose of painting certain areas within the homes. Regardless of whether Sparent actually did paint the premises as contracted, the court could rationally find that he exceeded the scope of the privilege to enter by stealing from the homeowners. It matters not that in some cases he stole items from rooms where he had been contracted to paint, and in other cases he stole from rooms that he was not contracted to paint. When a homeowner brings in a contractor to work in the house, the contractor's privilege to enter the house is premised on the homeowner's trust that the contractor will not exceed the scope of the privilege to enter. This trust is implied by the nature of the contract itself.

{¶10} Sparent was hired to do nothing more than paint. The nature of the job required him to walk through certain areas of the houses. But by rummaging through the homeowners' personal belongings, he plainly acted beyond the narrow scope of the privilege granted to be inside the houses. The court could rationally conclude that Sparent's thefts caused him to lose the privilege to be on the premises, thus making him a trespasser and establishing the elements of burglary.

## II

{¶11} In his fifth assigned error, Sparent argues that his convictions are against the manifest weight of the evidence. However, with the exception of referencing an "undisputed fact" regarding Count 3, Sparent merely incorporates the arguments made in support of his claim that the convictions were not supported by sufficient evidence. A claim that a conviction is against the manifest weight of the evidence is qualitatively different from a claim that a conviction is not supported by sufficient evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus. The failure to present a separate argument on each claim of an appeal is a violation of App.R. 16(A)(7), so we disregard this assignment of error. *State v. Brown*, 8th Dist. No. 87932, 2007-Ohio-527, 2007 WL 416702, ¶ 13.

## III

{¶12} Sparent's sixth assignment of error is premised on at least one of his convictions for burglary being reversed, thus necessitating a resentencing of the remaining counts. Having found no error with the burglary counts, this assignment of error is now moot.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas  to carry this judgment into execution. The

defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
MARY EILEEN KILBANE, J., CONCUR