[Cite as *State v. Hardcastle*, 2020-Ohio-5396.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|                                         |   |                              |
|-----------------------------------------|---|------------------------------|
| STATE OF OHIO/CITY OF FAIRFIELD,        | : |                              |
| Appellee,                               | : | CASE NO. CA2020-04-053       |
|                                         | : | O P I N I O N                |
| - vs -                                  |   | 11/23/2020                   |
|                                         | : |                              |
| CARRIE HARDCASTLE,                      | : |                              |
| Appellant.                              | : |                              |

CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2020CRB00400

Clemmons & Wolterman Law Firm, LLC, Patrick R. Oelrich, Stephen J. Wolterman, 530 Wessel Drive, Suite 2A, Fairfield, Ohio 45014, for appellee

Repper-Pagan Law, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for appellant

**PIPER, J.**

{¶1}  Appellant, Carrie Hardcastle, appeals her conviction in the Fairfield Municipal Court for one count of trespass.

{¶2}  Approximately two years before the event in question, Kevin Al Abbassi called police to his business, the Cell Phone Doctor.  He told police that he wanted Hardcastle, who was his girlfriend, to leave the premises.  Police responded and an officer told Hardcastle that she was "banned" from the property, and she left the premises.

{¶3} On the date in question, Al Abbassi called police again because he wanted Hardcastle to leave the Cell Phone Doctor premises. The same officer who "banned" Hardcastle from the property two years prior arrived at the scene and told Hardcastle that she had to leave the premises. Hardcastle explained to the officer that she and Al Abbassi had begun a business together, which was located in the same building as the Cell Phone Doctor. She told police that she was at the premises to pick up necessary files that were stored in the building pertaining to the new business. Despite Hardcastle's explanation, the officer issued Hardcastle a summons for criminal trespass.

{¶4} Hardcastle appeared for a bench trial unrepresented, and acted pro se during the proceedings before the municipal court. The state called Al Abbassi and the officer who issued the summons to testify in support of its case. Al Abbassi testified that he and Hardcastle were engaged and that on the day in question, he had learned that his mother had cancer. While he testified that he asked police to remove Hardcastle from the property, he testified that he did so only because he was "irrational" that day and that Hardcastle was only trying to calm him down in the midst of the cancer diagnosis.

{¶5} Hardcastle testified in her own defense, and explained that she and Al Abbassi opened a business together in which they are equal partners. Hardcastle also serves as the director of nursing for the business and keeps medical records at the business' office, which is located in the same location as the Cell Phone Doctor. Hardcastle testified that she needs access to the medical records in order to run the business. The court found Hardcastle guilty and sentenced her to 30 days in jail, suspended, a fine, and five years of probation. Hardcastle now appeals her conviction and sentence, raising two assignments of error.

{¶6} Assignment of Error No. 1:

{¶7} THE COURT ERRED IN CONVICTING HARDCASTLE OF TRESPASS

UNDER FAIRFIELD ORDINANCE § 541.05(a)(2).

{¶8} Hardcastle argues that her conviction is not supported by sufficient evidence.

{¶9} When reviewing the sufficiency of evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Erdmann*, 12th Dist. Clermont Nos. CA2018-06-043 and CA2018-06-044, 2019-Ohio-261, ¶ 21.

{¶10} Hardcastle was convicted of criminal trespass in violation of Fairfield Ordinance 541.05(a)(2). That section prohibits a person from entering or remaining "on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard * * *."

{¶11} Pursuant to R.C. 2901.22(B), a "person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." A defendant must be subjectively aware that a specified result is probable. *State v. Erdmann*, 12th Dist. Clermont Nos. CA2018-06-043 and CA2018-06-044, 2019-Ohio-261, ¶ 26.

{¶12} As defined by R.C. 2901.22(C),

> a person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless

indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

{¶13} Privilege is the distinguishing characteristic between unlawful trespass and lawful presence on the land or premises of another. *State v. Russ*, 12th Dist. Clermont No. CA99-07-074, 2000 Ohio App. LEXIS 2759 (June 26, 2000). Privilege is "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12). "Where no privilege exists, entry constitutes trespass." *State v. Lyons*, 18 Ohio St.3d 204, 206 (1985).

{¶14} After reviewing the record, we find that Hardcastle's conviction is not supported by sufficient evidence. Even when viewing the evidence in a light most favorable to the prosecution, the undisputed evidence is that Hardcastle and Al Abbassi were equal partners in a business, and that the location Hardcastle was accused of trespassing upon housed the shared business' office where Hardcastle was privileged to be. The business was created after the officer told Hardcastle that she was banned from the property, and since the business' creation, Hardcastle was never prohibited from the office by Al Abbassi.

{¶15} The undisputed evidence indicated that Hardcastle frequented the office to obtain necessary medical records and business-related materials. However, at no time prior to the date in question did Al Abbassi request her removal from the premises, and instead, allowed her to be on the property to conduct business. Thus, it cannot be proven that the circumstances were probably such that Hardcastle was banned from the property once she and Al Abbassi created a business together and decided that the business office would be located in the same building as the Cell Phone Doctor. Thus, the state is not able to prove that Hardcastle lacked privilege to be on the property or that she knowingly trespassed.

{¶16} Nor can it be said Hardcastle was reckless in her actions. It is, again, undisputed that Hardcastle had permission from the premises-owner, Al Abbassi, to be in the office in order to conduct their shared business. For approximately two years, police were uninvolved with Hardcastle regarding her presence on Al Abbassi's property, and at no time were police contacted to remove Hardcastle from the business location she operated with Al Abbassi.

{¶17} Hardcastle did not act with heedless indifference to the consequences, nor did she disregard a substantial and unjustifiable risk that she lacked permission and privilege to be on the property once she and Al Abbassi opened their business together and used the property for the business' office. As noted above, the business proceeded without issue during the almost two years that followed Al Abbassi's first call to police, and Hardcastle's presence on the property was never reported at any time as a trespass.

{¶18} Al Abbassi testified that the only reason he called police on the day in question was because he was irrational given the cancer diagnosis his mother received, and that he wanted to stop Hardcastle from trying to calm him down. He did not, however, testify that Hardcastle had entered the property without his permission, or that she was not privileged to be on the property to conduct business.

{¶19} After reviewing the record, we find that there is insufficient evidence to support Hardcastle's conviction for criminal trespass. As such, her first assignment of error is sustained.[1]

{¶20} Judgement reversed, Hardcastle's conviction is vacated, and she is discharged.

M. POWELL, P.J., and RINGLAND, J., concur.

---

1. Hardcastle's second assignment of error challenged her jury waiver. However, given the disposition of her first assignment of error, Hardcastle's second assignment of error is rendered moot.