THE STATE OF OHIO, APPELLEE, *v.* CARROLL, APPELLANT.

[Cite as State v. Carroll (1980), 62 Ohio St. 2d 313.]

(No. 79-1274—Decided June 11, 1980.)

*Mr. Donald J. Johnson,* prosecuting attorney, and *Mr. Kevin H. Taylor,* for appellee.

*Mr. Stephen P. Gehres,* for appellant.

*Per Curiam.*   The single, limited issue on appeal herein is whether a Volkswagen bus is an "unoccupied structure," within the purview of R. C. 2911.13, pertaining to "breaking and entering."

We hold that the Volkswagen bus in the instant cause is *not* an "unoccupied structure" within the ambit of R. C. 2911.13.

Burglary at common law was the breaking and entering in the nighttime of the dwelling or mansion house of another with intent to commit a felony therein. Burglary has been statutorily defined in R. C. 2911.11 through 2911.13.

R. C. 2911.13, which is the section in focus in the instant cause, refers to the breaking and entering of an "unoccupied structure." The problem herein arises in that there is no definition of an "unoccupied structure" in the Revised Code.

The Committee Comment to R. C. 2911.13 states, in part, that:

"This section defines an offense *identical to burglary,* except that the structure involved in a violation of this section is unoccupied rather than occupied.***" (Emphasis added.)

R. C. 2911.11 and 2911.12, concerning the burglary of an "occupied structure," specifically refer to the definition of an "occupied structure," as set forth in R. C. 2909.01.

Initially, it is noted that R. C. 2909.01 makes no specific reference to motor vehicles.* Furthermore, the gist of the

---

* If the General Assembly had intended to automatically include motor vehicles within the ambit of its burglary sections, it should have expressly done so, as have other states.

For example, 21 Okla. Stat. Anno., Section 1435, which specifically includes both automobiles and trucks, reads as follows:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree."

statute limits the definition of "occupied structures" to those instances where there is a more serious risk of harm due to a person's actual or likely presence.

"Occupied structures" could possibly include motor vehicles "rigged for an overnight stay," but, as the Committee Comment to R. C. 2909.01 further explains, in parts relevant to the instant cause:

"* * * The tent camper rigged for an overnight stay is an occupied structure, but would not come under the definition [of an occupied structure] when collapsed for travel."

Therefore, the Volkswagen bus in the instant cause would not come within the meaning of an "occupied structure" under R. C. 2909.01, and it, consequently, should not be considered an "unoccupied structure" as contained in R. C. 2911.13.

R. C. 1.42 reads as follows:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

R. C. 2901.04 reads as follows:

"(A) Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.

"(B) Rules of criminal procedure and sections of the Revised Code providing for criminal procedure shall be construed so as to effect the fair, impartial, speedy, and sure administration of justice."

These two sections, when read in *pari materia,* indicate to this court that the Volkswagen bus in the instant cause, when given its common usage, is not an "unoccupied structure," as it pertains to R. C. 2911.13. The Court of Appeals concluded that an unoccupied structure would be "a[ny] product of construction capable of being occupied by at least one person." Such a broad interpretation of an "unoccupied structure" is misdirected and would go far beyond the scope intended by the General Assembly.

Furthermore, the inclusion of the Volkswagen bus as an "unoccupied structure" would, in most instances, completely

undermine the purpose of R. C. 2913.03(A), the unauthorized use of a motor vehicle.

For the foregoing reasons, we hold that the Volkswagen bus in the instant cause is not within the ambit of R. C. 2911.13, and, therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.