{¶ 24} On this appeal from a conviction entered after a bench trial before Judge Brian J. Corrigan, I concur in judgment only in part and dissent in part. I disagree with the majority's unexplained finding that Frederick Hawkins committed vandalism in an occupied structure and, therefore, respectfully dissent from the finding of guilt on that count. I also disagree with the majority's suggestion that the property damage can be used to justify the conviction for theft but, nonetheless concur in the judgment affirming that conviction because there was independent evidence showing the theft of cigarettes, cigars, and other items with a value exceeding $500.
 {¶ 25} Hawkins was discovered inside Norman's Beverage and Deli at 9021 St. Clair Avenue in Cleveland after a break-in. He was charged with two counts of vandalism,[2] one count of breaking and entering,[3]
and one count of theft.[4] The first count of vandalism alleged that he had "knowingly cause[d] serious physical harm to an occupied structure" under R.C. 2909.05, the damage allegedly being done to the address at 9015 St. Clair Avenue, although both this address and 9021 St. Clair Avenue are located in a single building. The second count of vandalism alleged damage, in the amount of $500 or more, to business property owned by Sabri Allan, the proprietor of Norman's Beverage and Deli.[5] The breaking and entering count, which charged an entry into an unoccupied structure, concerned the address at 9021 St. Clair Avenue. Because there were occupied apartments on the second floor of the building, the count concerning 9015 St. Clair Avenue was charged as vandalism of an occupied structure,[6] even though the apartments have a separate entrance and address, 788 East 91st Street.
 {¶ 26} R.C. 2909.01(C) states:
"`Occupied structure' means any house, building, outbuilding,watercraft, aircraft, railroad car, truck, trailer, tent, or otherstructure, vehicle, or shelter, or any portion thereof, to which any ofthe following applies:
 (1) It is maintained as a permanent or temporary dwelling, even thoughit is temporarily unoccupied and whether or not any person is actuallypresent.
 (2) At the time, it is occupied as the permanent or temporaryhabitation of any person, whether or not any person is actually present.
 (3) At the time, it is specially adapted for the overnightaccommodation of any person, whether or not any person is actuallypresent.
 (4) At the time, any person is present or likely to be present in it."
 {¶ 27} There is no argument that anyone was likely to be present at 9015 St. Clair Avenue when the offense was committed; not only was it early in the morning, the commercial space located in that portion of the building had no tenant at the time. Instead, the "occupied" nature of the structure is supported only by the presence of upstairs apartments with people inside, even though those apartments have a separate address and separate entrances. Such reasoning cannot sustain a finding that the portion of the building at 9015 St. Clair Avenue was occupied because the phrase "any portion thereof" does not allow a person's presence in a separate part of a building to render the entire structure "occupied."
 {¶ 28} In addition to the narrow and strict interpretation of criminal statutes against the State,[7] statutes are construed to give meaning to all their terms.[8] Therefore, we will adopt a construction that renders part of a statute meaningless or superfluous only if no other reasonable construction is possible.[9] The phrase "any portion thereof" becomes superfluous if one considers an entire structure occupied based upon a person's presence in any separate portion of it. The apartments at 788 East 91st Street constitute a "portion" of the structure at the corner of that street and St. Clair Avenue; while that portion of the building qualifies as an "occupied structure," the remaining portion cannot qualify as occupied based upon people's presence in the second-story apartments.
 {¶ 29} If an entire building qualified as an occupied structure even when only part of it was used as a dwelling, there would be no need for any reference to a "portion" of a structure. In order to give meaning to the phrase "any portion thereof," one must determine whether the circumstances of R.C. 2909.01(C)(1), (2), (3), or (4) apply to the entirety of a structure or only to a portion of it. In this case only a portion of the building is used as a dwelling or is adapted for habitation; therefore, the entire building cannot qualify as an occupied structure under R.C. 2909.01(C)(1), (2), or (3).
 {¶ 30} R.C. 2909.01(C)(4) also does not apply to the entire building, because people were present or likely to be present only in a portion of it. None of the tenants of 788 East 91st Street had access to the commercial spaces located at 9015 So. Clair Avenue and, therefore, the "present or likely to be present" part of the definition applied only to a portion of the building, and not to its entirety. Because the circumstances of R.C. 2909.01(C) applied only to a portion of the building, only that portion can qualify as an occupied structure.
 {¶ 31} I also disagree with the majority's apparent suggestion that the destruction of property can be used to determine value for a charged theft offense. I agree that the State presented sufficient admissible evidence concerning the value of property destroyed, which was relevant to the vandalism charges. However, this evidence is not admissible to support a theft charge. Nevertheless, the State did present evidence that over $500 worth of goods, including cigarettes, cigars, and alcohol, was stolen from the store at 9021 St. Clair Avenue. Therefore, although I disagree with the majority's reasoning, I concur in the result affirming the theft conviction.
 {¶ 32} Finally, I note that the judge failed to notify Hawkins, at the sentencing hearing, that post-release control was part of his sentence. Therefore, imposition of post-release control in the journal entry is ineffective.[10] Furthermore, the judge's attempt to impose post-release control "for the maximum period allowed" is unlawful. Hawkins' convictions subjected him to discretionary post-release control only,[11] and the decision of whether and what term to impose is for the parole board, not the judge.[12]
 {¶ 33} Because the State failed to show that the storefront at 9015 St. Clair Avenue was an occupied structure, I would reverse the vandalism conviction related to that address. I concur in judgment only with respect to the remaining counts, though I note that Hawkins' sentence does not include post-release control.
[2] R.C. 2909.05.
[3] R.C. 2911.13.
[4] R.C. 2913.02.
[5] R.C. 2909.05(B)(1)(a).
[6] R.C. 2909.05(A).
[7] R.C. 2901.04; State v. Carroll (1980), 62 Ohio St.2d 313, 315, 16 O.O.3d 359, 405 N.E.2d 305.
[8] R.C. 1.47(B); Moore v. State Auto. Mut. Ins. Co., 88 Ohio St.3d 27,32, 2000-Ohio-264, 723 N.E.2d 97.
[9] See Id., at 31-32.
[10] Crim.R. 43(A); Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171,733 N.E.2d 1103, paragraph two of the syllabus.
[11] R.C. 2967.28(C).
[12] Id.; State v. Brown, Cuyahoga App. No. 80725, 2002-Ohio-5468, at ¶ 24.