I concur with the majority in finding that the fourth assignment of error is not properly before this court. However, I respectfully dissent from the majority's opinion on the first assignment of error and would find that the second and third assignments are moot.
 {¶ 31} The defendant was charged with two violations of R.C. 2919.21(B) for failing to provide support to another person whom, by court order he was legally obligated to support. R.C. 2919.21(G)(1) further provides that "* * * if the offender has failed to provide support under division (A)(2) or (B) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) or (B) of this section is a felony of the fifth degree. If the offender previously has been convicted of or pleaded guilty to a felony violation of this section, a violation of division (A)(2) or (B) of this section is a felony of the fourth degree."
 {¶ 32} I would interpret that language to allow the State to charge for one felony offense over an extended period of time of not less than one hundred four consecutive weeks. If the State neglects its duty for more than four years, as in this case, that does not enable it to charge two offenses simply because the period of time involved is more than twice the one hundred four consecutive weeks necessary for a first felony offense. Had the legislature intended this result, it could have so stated. This interpretation is supported by the fact that other statutes provide that each specifically designated period of time may be a new offense. For example, within this very section, R.C. 2919.21, division (G)(2) provides that "[e]ach day of violation of division (C) of this section is a separate offense."
 {¶ 33} Criminal statutes must be strictly construed against the State. R.C. 2901.04(A); State v. Carroll (1980), 62 Ohio St.2d 313, 315. Therefore, I would find that it is plain error for the trial court to allow this defendant to be convicted of two offenses, even though the period of time involved was more than twice the minimum one hundred four consecutive weeks.