[Cite as *State v. Fazenbaker*, 2019-Ohio-3972.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ANDREW S. FAZENBAKER

    Appellant

C.A. No.     29108

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2018-03-0749

DECISION AND JOURNAL ENTRY

Dated: September 30, 2019

CARR, Judge.

**{¶1}** Appellant, Andrew Fazenbaker, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

**{¶2}** On May 31, 2017, D.B. and R.B. traveled to Storage Zone in Akron, Ohio, in order to prepare their travel trailer for an upcoming camping trip. When they arrived at the storage facility, they discovered that someone had broken into the trailer and stolen electronic equipment.

**{¶3}** Thereafter, the Summit County Grand Jury indicted Fazenbaker on one count of breaking and entering. Fazenbaker pleaded not guilty to the charge at arraignment and the matter proceeded to trial. The jury found Fazenbaker guilty of the sole charge in the indictment. The trial court imposed a 12-month prison sentence and ordered the sentence to be served consecutively to Fazenbaker's sentence in a separate criminal case.

**{¶4}** On appeal, Fazenbaker raises five assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT FOR BREAKING AND ENTERING.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED BY NOT GRANTING DEFENSE COUNSEL'S [CRIM.R.] 29 MOTION.

**{¶5}** In his first assignment of error, Fazenbaker contends that the State failed to present sufficient evidence to find him guilty of breaking and entering because the trailer at issue in this case was not an unoccupied structure. In his third assignment of error, Fazenbaker argues that the trial court erred in denying his Crim.R. 29 motion on the same basis. This Court agrees.

**{¶6}** Fazenbaker was convicted of violating R.C. 2911.13(A), which provides, "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in [R.C. 2913.01], or any felony." R.C. 2911.13(C) provides that "[w]hoever violates this section is guilty of breaking and entering, a felony of the fifth degree."

**{¶7}** Crim.R. 29(A) provides, in relevant part:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

**{¶8}** When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to

determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶9} At trial, the State presented evidence that supported the following narrative. In 2015, D.B. and her husband, R.B., purchased a hard body travel trailer that contained a living room, bedroom, bathroom, and kitchen area.[1] The trailer measured 34 and a half feet long. After using the trailer for a camping trip in fall of 2015, D.B. and R.B. winterized the trailer and stored it at Storage Zone in Akron, Ohio. D.B. explained that the entire trailer was covered and stored in an "open area" on the premises that was behind the storage lockers. There were campers stored in that area. The couple did not use their trailer in 2016 because R.B. was experiencing health problems. On one occasion in 2016, however, D.B. and R.B. accessed the trailer in order to replace a defective chair.

{¶10} In preparation for a camping trip, D.B. and R.B. went to the storage facility on May 31, 2017. D.B. explained that "[w]e needed to take the cover off because we wanted to get it dewinterized and we wanted to get it to go camping." When D.B. removed the cover from the trailer, she noticed that one of the windows was open and the screen was missing. R.B. entered and found that the trailer's electronic equipment was gone, including a television and a built-in stereo system. D.B. went to Storage Zone's main office to contact police. An officer responded to the scene and, upon entering the trailer, noticed that the inside of the trailer was "in disarray." A cigarette butt was located on the floor near the entertainment center. BCI tests revealed that the DNA on the cigarette butt was consistent with Fazenbaker's DNA. Fazenbaker had been

---

[1] Unfortunately, R.B. was unable to testify because he passed away before the trial began.

convicted of grand theft for a separate incident where $24,000 worth of items were stolen from a truck parked at Storage Zone.

{¶11} Fazenbaker moved for acquittal pursuant to Crim.R. 29 on the basis that the State failed to demonstrate that the trailer met the definition of an unoccupied structure. In analyzing the motion, the trial court noted that "[the trailer] was in a storage facility and was clearly not being used by the owners as a residence or habitation at that time." Ultimately, however, the trial court overruled the motion on the basis that the trailer served as a temporary dwelling but "at that time was not being used for that purpose and therefore [was] unoccupied."

{¶12} On appeal, Fazenbaker contends that the State failed to demonstrate that he broke into an unoccupied structure. Fazenbaker argues that the trailer in this case did not constitute an unoccupied structure because, at the time of the incident, the trailer had been fully covered, winterized, and placed in a storage area. Fazenbaker points to the Supreme Court of Ohio's decision in *State v. Carroll*, 62 Ohio St.2d 313 (1980), in support of the proposition that the present adaptation and location of a structure are important considerations in determining whether it qualifies as an unoccupied structure.

{¶13} In *Carroll*, the Supreme Court confronted a scenario where a defendant was charged with aiding and abetting in breaking and entering into a 1974 Volkswagen bus. *Id*. at 313. The trial court dismissed the indictment on the basis that the Volkswagen bus did not constitute an "unoccupied structure" for the purposes of R.C. 2911.13. *Id*. In reversing the trial court's judgment, the court of appeals concluded that an unoccupied structure was "a[ny] product of construction capable of being occupied by at least one person." *Id*. at 315. The Supreme Court reversed, noting that "[s]uch a broad interpretation of an 'unoccupied structure' is misdirected and would go far beyond the scope intended by the General Assembly." *Id*. at 315.

**{¶14}** In reaching its conclusion, the Supreme Court noted that the difficulty in the case stemmed from the fact that the term "unoccupied structure" was not defined in the Revised Code. *Id.* at 314. For guidance, the high court turned to the definition of "occupied structure" set forth in R.C. 2909.01 and noted that "the gist of the statute limits the definition of 'occupied structure' to those instances where there is a more serious risk of harm due to a person's actual or likely presence." *Id.* at 314-315. Though acknowledging that a motor vehicle could qualify as an occupied structure if it was adapted for overnight stay, the high court cited a 1973 Legislative Service Commission comment that stated, " * * * The tent camper rigged for an overnight stay is an occupied structure, but would not come under the definition (of an occupied structure) when collapsed for travel." *Id.* at 315. Following this logic, the Supreme Court ultimately concluded that because the Volkswagen bus at issue would not come within the meaning of "occupied structure" set forth in R.C. 2909.01, it should therefore not be considered an "unoccupied structure" for the purposes of R.C. 2911.13. *Id.*

**{¶15}** "Although the Revised Code does not define the phrase 'unoccupied structure,' a court may look to R.C. 2909.01's definition of the phrase 'occupied structure' for guidance in determining whether a structure constitutes an 'unoccupied structure' for purposes of the breaking and entering statute, R.C. 2911.13." *State v. Shawhan*, 9th Dist. Summit No. 24244, 2009-Ohio-1986, ¶ 8, citing *Carroll*, 62 Ohio St.2d at 314-315.

**{¶16}** R.C. 2909.01(C) defines "occupied structure" as follows:

[A]ny house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

(1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.

(2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.

(3) At the time, it is specifically adapted for the overnight accommodation of any person, whether or not any person is actually present.

(4) At the time, any person is present or likely to be present in it.

{¶17} This Court has recognized that the manner in which a structure is "maintained" is an important consideration when applying R.C. 2909.01(C)(1). *See State v. Anderson*, 9th Dist. Summit No. 26006, 2012-Ohio-3663, ¶ 13. A structure that is "dedicated and intended for residential use" may qualify as an occupied structure when "even though the dwelling is not being presently occupied as a place of habitation, that situation is temporary, and persons are likely to be present from time to time to look after the property to help 'maintain' its character as a dwelling." *Anderson* at ¶ 13, quoting *State v. Greene*, 18 Ohio App.3d 69, 71-72 (10th Dist.1984). In *Anderson*, the structure at issue was a house that had been posted as condemned and designated as "uninhabitable" by the city. *Anderson* at ¶ 14. Given that there was no evidence that the owner was maintaining the home as a permanent or temporary dwelling, or that the owner intended to undertake the repair work necessary so that the house could function as a dwelling, this Court concluded that the house was not an occupied structure as defined by R.C. 2909.01(C)(1). *Anderson* at ¶ 14-15.

{¶18} In this case, the trailer in question could not fit the statutory definition of an "[o]ccupied structure" under R.C. 2909.01(C), and therefore was not an "unoccupied structure" for the purposes of R.C. 2911.13(A). The evidence showed that, at the time of the incident, the trailer in this case was not being occupied as a permanent or temporary habitation. Furthermore, this case does not involve a scenario where the trailer was rigged for overnight accommodation and just happened to be unoccupied at the time the incident. While a travel trailer could certainly constitute an occupied structure under different circumstances, the trailer in this case was not being

maintained to fulfill its purpose as a temporary dwelling place. Instead, the trailer had been winterized, covered, and placed in a storage facility. The trailer was not adapted for overnight accommodation at the time of the incident and the evidence showed that the owners had to undertake preparations on the trailer before it could be used for that purpose again. *See generally Carroll*, 62 Ohio St.2d at 315. Under these circumstances, even when construing the evidence in the light most favorable to the State, we cannot say that the trailer constituted an unoccupied structure for the purposes of R.C. 2911.13(A).[2]

{¶19} Fazenbaker's first and third assignments of error are sustained.

### ASSIGNMENT OF ERROR II

THE VERDICT OF GUILTY FOR BREAKING AND ENTERING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT DENIED DEFENDANT DUE PROCESS BY FAILING TO PROPERLY CHARGE THE JURY ABOUT "UNOCCUPIED STRUCTURE" AND BY ALLOWING THE STATE TO ASK A QUESTION THAT PRESUMED DEFENDANT'S GUILT.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SENTENCING DEFENDANT TO CONSECUTIVE PRISON SENTENCES AFTER HE INSISTED ON HIS CONSTITUTIONAL RIGHT TO TRIAL.

{¶20} Fazenbaker raises three additional assignments of error. This Court's resolution of Fazenbaker's first and third assignments of error is dispositive of this appeal. It follows that his second, fourth, and fifth assignments of error have been rendered moot.

---

[2] Notwithstanding our conclusion that the evidence presented in this case was insufficient to support a conviction under R.C. 2911.13(A), this opinion should not be read to signify that Fazenbaker's conduct would not constitute a violation of other criminal statutes that were not charged in this case.

III.

{¶21} Fazenbaker's first and third assignments of error are sustained. This Court declines to reach the remainder of his assignments of error as they have been rendered moot. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, J.

CONCURS.

TEODOSIO, P. J.
DISSENTING.

{¶22} Because I would conclude that the State introduced sufficient evidence to establish that the trailer in this case was an "unoccupied structure," and reasonable minds could differ as to whether that particular element of breaking and entering was proven beyond a reasonable doubt, I must respectfully dissent.

{¶23} Mr. Fazenbaker was convicted of breaking and entering in violation of R.C. 2911.13(A), which requires trespass into an "unoccupied structure." The gravamen of his first and third assignments of error is determining whether the State presented sufficient evidence that a full-size, hard body, travel trailer containing a living room, bedroom, bathroom, and kitchen area, which had been fully covered, winterized, and stored in a storage lot for almost two years, constituted an "unoccupied structure" for purposes of R.C. 2911.13.

{¶24} As the majority correctly notes, the Revised Code does not contain a definition for the term "unoccupied structure," but we may look to the definition of "occupied structure" in R.C. 2909.01 for guidance in determining whether a structure constitutes an "unoccupied structure" for purposes of R.C. 2911.13. *See State v. Shawhan*, 9th Dist. Summit No. 24244, 2009-Ohio-1986, ¶ 8, citing *State v. Carroll*, 62 Ohio St.2d 313, 314-315 (1980). R.C. 2909.01(C) defines "occupied structure" as any house, building, outbuilding, watercraft, aircraft, railroad car, truck, ***trailer***, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies: (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present; (2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present; (3) At the time, it is specially adapted for the overnight accommodation of any person, whether or

not any person is actually present; or (4) At the time, any person is present or likely to be present in it.

**{¶25}** The majority opinion concludes that the trailer in this case could not meet the statutory definition of an "occupied structure" under R.C. 2909.01(C) and therefore cannot be an "unoccupied structure" for purposes of R.C. 2911.13(A). It relies on the Supreme Court of Ohio's holding in *Carroll* that a 1974 Volkswagen bus was neither an "occupied structure" nor an "unoccupied structure" within the ambit of R.C. 2911.13. *See Carroll* at 315. The holding in *Carroll*, however, was narrowly and specifically limited to the facts of that particular case: "The single, limited issue on appeal herein is whether a Volkswagen bus is an 'unoccupied structure,' within the purview of R.C. 2911.13, pertaining to 'breaking and entering.'" *Id.* at 314. In its opinion, the *Carroll* Court noted its specific concern with the term "motor vehicle" not being referenced in R.C. 2909.01(C)'s definition of "occupied structure." *See id.* The Court surmised that a motor vehicle "rigged for an overnight stay" could possibly be an occupied structure, and then cited to a 1973 Legislative Service Commission comment to R.C. 2929.01, which contemplated a tent camper as an "occupied structure" only if adapted for an overnight stay, but not if collapsed for travel. *See id.* at 315. The instant case, however, involves a hard body trailer, which is neither a motor vehicle—such as the bus in *Carroll*—nor a collapsible tent camper. Because *Carroll* is distinguishable and its holding was limited to the unique facts in that case, I would conclude that it is not controlling in the case sub judice.

**{¶26}** I would conclude from R.C. 2909.01(C)'s inclusion of the term "trailer" that the non-collapsible trailer at issue here  containing living room, bedroom, bathroom, and kitchen areas  constitutes a "structure" under the statute, but could only be further defined as an "occupied structure" when one of the four enumerated factors in R.C. 2909.01(C)(1)-(4) applies. I disagree

with the majority's conclusion that because this structure is unable to satisfy the statutory factors required to establish it as an "occupied structure," it is concomitantly not an "unoccupied structure" as well. This is a considerably precarious leap in logic for me, which unfortunately casts the victims' trailer into a realm of uncertainty, being curiously defined as a structure that is neither occupied nor unoccupied. Under the majority's reasoning, no structure would ever qualify as an "unoccupied structure" for purposes of R.C. 2911.13(A). All structures would, instead, either be occupied or would be wholly undefinable. In *Shawhan*, for example, this Court affirmed a breaking and entering conviction when the appellant challenged both the sufficiency and manifest weight of the evidence. *See Shawhan* at ¶ 21. This Court determined that individual stores within a shopping mall at night were unoccupied because the definition of "occupied structure" under R.C. 2909.01(C)(4) was not satisfied. *See id.* at ¶ 8, 20. Had the Court in *Shawhan* adopted the approach proposed by the majority today, it would have instead reversed the appellant's breaking and entering conviction, concluding that because the empty shopping mall stores at night could not meet the statutory definition of "occupied structures," they could not be "unoccupied structures" as well.

{¶27} Looking to the definition of "occupied structure" for guidance should assist us in defining the term "unoccupied structure," not prevent us from defining it. I therefore agree with the sound reasoning of this Court as previously set forth in *State v. Davis*, 9th Dist. Summit No. 25439, 2011-Ohio-1510, ¶ 18. Under *Davis*, "a structure must be either occupied or unoccupied, [and] demonstrating that a structure does not meet any of the definitions of an occupied structure is sufficient to prove that it is unoccupied." *See id.*

{¶28} When reviewing the State's evidence for sufficiency, this Court must view it in a light most favorable to the prosecution. *See State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph

two of the syllabus. Here, the State introduced evidence that the trailer was a structure containing living room, bedroom, bathroom, and kitchen areas. The evidence further demonstrated that the trailer failed to meet any of the R.C. 2909.01(C) factors required to classify it as an "occupied structure," as it was fully covered, winterized, and stored in a storage lot for almost two years.

{¶29} I would conclude that the State presented sufficient evidence, if believed, to establish that this particular trailer was an "unoccupied structure" for purposes of R.C. 2911.13(A), and a jury could have found that particular element of breaking and entering proven beyond a reasonable doubt. *See Jenks* at paragraph two of the syllabus. Because reasonable minds could differ as to whether the State proved the trailer was an "unoccupied structure" beyond a reasonable doubt, the trial court did not err in denying Mr. Fazenbaker's Crim.R. 29 motion for acquittal. *See State v. Bridgeman*, 55 Ohio St.2d 261 (1978), syllabus. I would therefore overrule Mr. Fazenbaker's first and third assignments of error, and proceed to address his remaining assignments of error on the merits.

{¶30} Accordingly, I respectfully dissent.

APPEARANCES:

JAMES W. ARMSTRONG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

CONCUR

APPEARANCES:

for Appellant.

for Appellee.