NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-6731

THE STATE OF OHIO, APPELLANT, *v*. FAZENBAKER, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Fazenbaker*, Slip Opinion No. 2020-Ohio-6731.]**

*Breaking and entering—Definition of "unoccupied structure"—A vacant trailer that is designed for overnight accommodation but is winterized and stored is an unoccupied structure pursuant to R.C. 2911.13(A)—Judgment reversed.*

(No. 2019-1567—Submitted July 22, 2020—Decided December 18, 2020.)

APPEAL from the Court of Appeals for Summit County, No. 29108, 2019-Ohio-3972.

_____

DONNELLY, J.

{¶ 1} In this discretionary appeal, we are asked to determine the meaning of "unoccupied structure" in the breaking-and-entering statute, R.C. 2911.13(A). The Ninth District Court of Appeals held that entering a recreational travel trailer to commit theft does not constitute breaking and entering if the trailer is winterized,

covered, and stored, because a trailer in that condition is not an unoccupied structure. We conclude that a structure that is specifically designed for overnight accommodation and physically capable of being occupied, but is winterized, covered, stored, and uninhabited at the time of a break-in, is an unoccupied structure for purposes of R.C. 2911.13(A). Because such a structure was involved here, we reverse the judgment of the court of appeals.

## I. Background

{¶ 2} At some point between the spring of 2016 and May 2017, appellee, Andrew Fazenbaker, broke into a recreational travel trailer and stole a television and stereo system that had been built into the trailer. The winterized trailer had been sitting covered outdoors at a storage facility ever since the owners had towed it there in 2015. The trailer was built for occupation and overnight accommodation; it included a bedroom, bathroom, kitchen, and living room, which contained the entertainment center that Fazenbaker dismantled and stole.

{¶ 3} Appellant, the state of Ohio, charged Fazenbaker with breaking and entering under R.C. 2911.13(A), which prohibits "by force, stealth, or deception" trespassing in an "unoccupied structure" to commit theft or a felony offense. At trial, Fazenbaker unsuccessfully moved for acquittal pursuant to Crim.R. 29, arguing that the trailer was not an unoccupied structure. The trial court overruled the motion, determining that the trailer was an "occupied structure" when used as a temporary dwelling and therefore was an unoccupied structure when not used for that purpose. A jury found Fazenbaker guilty, and he received a 12-month prison sentence.

{¶ 4} A majority of the Ninth District panel concluded that the trailer did not constitute an unoccupied structure for the purposes of R.C. 2911.13(A) and reversed Fazenbaker's conviction. 2019-Ohio-3972, ¶ 18. The majority held that a structure's status as an "occupied structure" pursuant to R.C. 2909.01(C) depends on whether it is being "maintained" for residential use when the crime occurs. *Id*.

at ¶ 17. Because the trailer here was not being maintained for residential use, the majority held that the trailer was not capable of being an occupied structure, and since the trailer was winterized and not "adapted for overnight accommodation," the trailer was not an unoccupied structure either. *Id.* at ¶ 18. The majority vacated Fazenbaker's conviction and sentence on this ground and determined that Fazenbaker's additional assignments of error were moot. *Id*. at ¶ 21.

{¶ 5} The dissenting judge found fault in the majority's reasoning that because the trailer could not be an occupied structure, it therefore could not be an unoccupied structure. The dissenter opined that "no structure would ever qualify as an 'unoccupied structure' for purposes of R.C. 2911.13(A)" under the majority's logic. *Id*. at ¶ 26 (Teodosio, P.J., dissenting).

{¶ 6} We accepted one proposition of law for review:

> Any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, is a structure under R.C. 2909.01(C). A structure will be an "occupied structure" if any of the factors enumerated in R.C. 2909.01(C)(1-4) apply; if none of the factors apply, the structure will be an "unoccupied structure."

*See* 158 Ohio St.3d 1406, 2020-Ohio371, 139 N.E.3d 910.

## II. Analysis

{¶ 7} Fazenbaker's conviction for breaking and entering was pursuant to R.C. 2911.13(A), which prohibits trespassing into an "unoccupied structure" to commit certain offenses. "Unoccupied structure" is not defined in R.C. 2911.13 or anywhere else in the Revised Code. This court has previously suggested that the definition of "occupied structure" in R.C. 2909.01(C), which is used to define property offenses like aggravated arson, R.C. 2909.02(A)(2) and (B)(1), and

burglary, R.C. 2911.12(A), (C), and (D), has traditionally informed the inverse concept of "unoccupied structure." *See State v. Carroll*, 62 Ohio St.2d 313, 314, 405 N.E.2d 305 (1980).

{¶ 8} The interpretation of a statute is a question of law, and accordingly, we review the matter de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9. When dealing with an issue of statutory construction, our main concern is to ascertain and give effect to the intention of the General Assembly. *Henry v. Cent. Natl. Bank*, 16 Ohio St.2d 16, 242 N.E.2d 342 (1968), paragraph two of the syllabus. We determine legislative intent largely from the plain language of a statute. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18.

{¶ 9} Ohio's breaking-and-entering statute states:

> No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.

R.C. 2911.13(A).

{¶ 10} R.C. 2909.01(C) defines "occupied structure" as

> any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:
>
> > (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.

4

(2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.

(3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.

(4) At the time, any person is present or likely to be present in it.

{¶ 11} Although R.C. 2909.01(C) refers to objects that are widely thought of as structures, such as houses and buildings, it also refers to temporary dwellings like tents, as well as objects that can be physically occupied but that are not normally thought of as structures or dwelling places, such as vehicles and watercraft. The sheer breadth of the list of objects in R.C. 2909.01(C) suggests that some objects, such as motor vehicles, are considered structures only if occupied, which in turn implies that those objects cease to be structures if they are neither occupied nor presently capable of being occupied.

{¶ 12} This court addressed the potential gray areas between unoccupied structures and nonstructures in R.C. 2909.01(C) and 2911.13 in *Carroll*, 62 Ohio St.2d at 315, 405 N.E.2d 305, in which this court determined that a Volkswagen bus was not an "unoccupied structure" within the meaning of R.C. 2911.13. Fazenbaker urges that the facts of this case present a similar gray area and that *Carroll* is controlling. We disagree. While details about the Volkswagen bus in *Carroll* are sparse, the opinion seems to imply that the bus was not a structure because it was a motor vehicle and because it was not set up for overnight accommodations. *See Carroll* at 315, quoting the 1973 Legislative Service Commission Comment to Am.Sub.H.B. No. 511 (" 'The tent camper rigged for an overnight stay is an occupied structure, but would not come under the definition [of

an occupied structure] when collapsed for travel' "). Unlike the bus in *Carroll*, a recreational travel trailer that is pulled like the one here is not a motor vehicle. Moreover, it is not capable of being collapsed like a tent and thereby impossible to physically enter.

{¶ 13} Although when Fazenbaker broke into the trailer it was not intended for immediate occupation, given that it was winterized and covered with a tarp, the same argument could be made regarding an empty, winterized building. That it has been closed, abandoned, or shut down does not make it a nonstructure. Because the trailer was designed for the specific purpose of providing a temporary dwelling, including overnight accommodation, and because winterizing the trailer did not change its purpose or render it physically incapable of being occupied, it remained a structure capable of being occupied despite conditions that indicated that the owners did not want it to be occupied at the time.

{¶ 14} When a statute's meaning is clear and unambiguous, the statute is applied as written. *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 20. The recreational travel trailer—when in use—fits squarely within the definition of an "occupied structure" under R.C. 2909.01(C). Nothing about its nature or physical attributes would cause it to become a nonstructure when unoccupied, and it therefore fits squarely within the meaning of an "unoccupied structure" as the term is used in R.C. 2911.13(A). Accordingly, the court of appeals erred in reversing Fazenbaker's conviction and sentence based on insufficient evidence of the "unoccupied structure" element in R.C. 2911.13(A).

### III. Conclusion

{¶ 15} The recreational travel trailer at issue here was manufactured for overnight accommodation. The fact that it was not occupied at the time of Fazenbaker's theft rendered it an unoccupied structure rather than a nonstructure. We therefore reverse the judgment of the Ninth District Court of Appeals and

remand the cause for that court to consider Fazenbaker's assignments of error that it previously deemed moot.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, and STEWART, JJ., concur.

DEWINE, J., concurs in judgment only.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Jacquenette S. Corgan, Assistant Prosecuting Attorney, for appellant.

James W. Armstrong, for appellee.

_____