[Cite as *State v. Fazenbaker*, 2021-Ohio-3447.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29108 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANDREW S. FAZENBAKER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 18 03 0749 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2021

---

CARR, Judge.

{¶1}  Appellant, Andrew S. Fazenbaker, appeals the judgment of the Summit County Court of Common Pleas.  Although this Court initially reversed the trial court's judgment, the Supreme Court of Ohio subsequently reversed this Court's decision and remanded the matter to address Fazenbaker's remaining assignments of error that had previously been deemed moot.  Upon consideration of Fazenbaker's remaining assignments of error, this Court affirms in part, reverses in part, and remands.

I.

{¶2}  This matter arises out of an alleged breaking and entering that occurred at a storage facility in Akron, Ohio.  This Court set forth many of the relevant procedural facts in its prior decision:

> On May 31, 2017, D.B. and R.B. traveled to Storage Zone in Akron, Ohio, in order to prepare their travel trailer for an upcoming camping trip.  When they arrived at the storage facility, they discovered that someone had broken into the trailer and stolen electronic equipment.

Thereafter, the Summit County Grand Jury indicted Fazenbaker on one count of breaking and entering. Fazenbaker pleaded not guilty to the charge at arraignment and the matter proceeded to trial. The jury found Fazenbaker guilty of the sole charge in the indictment. The trial court imposed a 12-month prison sentence and ordered the sentence to be served consecutively to Fazenbaker's sentence in a separate criminal case.

*State v. Fazenbaker*, 9th Dist. Summit No. 29108, 2019-Ohio-3972, ¶ 2-3.

{¶3} Fazenbaker appealed and raised five assignments of error. This Court reversed Fazenbaker's conviction on sufficiency grounds on the basis that the State did not demonstrate that the trailer in question met the definition of unoccupied structure for the purposes of R.C. 2911.13(A). *Fazenbaker*, 2019-Ohio-3972, at ¶ 18-19; *but see* ¶ 22-30 (Teodosio, J., dissenting). The Supreme Court of Ohio subsequently reversed this Court's decision, holding that "a structure that is specifically designed for overnight accommodation and physically capable of being occupied, but is winterized, covered, stored, and uninhabited at the time of a break-in, is an unoccupied structure for the purposes of R.C. 2911.13(A)." *State v. Fazenbaker*, 163 Ohio St.3d 405, 2020-Ohio-6731, ¶ 1. The high court remanded the matter for this Court to consider Fazenbaker's assignments of error that had previously been deemed moot. *Id*. at ¶ 15.

{¶4} Pursuant to the Supreme Court's remand, this Court now addresses Fazenbaker's remaining assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT FOR BREAKING AND ENTERING.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED BY NOT GRANTING DEFENSE COUNSEL'S [CRIM.R. 29] MOTION.

{¶5} In his first and third assignments of error, Fazenbaker challenged the sufficiency of the evidence on the basis that the trailer at issue in this case did not constitute an unoccupied structure for the purposes of R.C. 2911.13(A). As noted above, the Supreme Court of Ohio has addressed this issue and concluded that the State presented evidence that the trailer did, in fact, constitute an unoccupied structure. *Fazenbaker*, 163 Ohio St.3d 405, 2020-Ohio-6731, at ¶ 14.

## ASSIGNMENT OF ERROR II

THE VERDICT OF GUILTY FOR BREAKING AND ENTERING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6} In his second assignment of error, Fazenbaker argues that his conviction for breaking and entering was against the manifest weight of the evidence. This Court disagrees.

{¶7} Fazenbaker was convicted of violating R.C. 2911.13(A), which provides, "[n]o person by force, stealth, or deception shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in [R.C. 2913.01], or any felony." R.C. 2911.13(C) provides that "[w]however violates this section is guilty of breaking and entering, a felony of the fifth degree."

{¶8} In determining whether a criminal conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶9} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *State v. Thompkins*, 78

Ohio St.3d 380, 387 (1997), quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

{¶10} In support of his manifest weight challenge, Fazenbaker argues that "[i]n the present case it is clear that the jury ignored the obvious fact that a fully covered winterized trailer that had been parked in a storage area and unused for over a year is not an unoccupied structure pursuant to R.C. 2911.13." Fazenbaker maintains that the weight of the evidence supports the conclusion that the trailer in this case, much like the Volkswagen bus at issue in *State v. Carroll*, 62 Ohio St.2d 313 (1980), fell outside the definition of unoccupied structure.

{¶11} Fazenbaker's argument is without merit. The State presented evidence that Fazenbaker broke into a hard body travel trailer that contained a bedroom, a living room, a bathroom, and a kitchenette. The trailer was winterized, covered, and placed in a storage facility. This Court remains mindful that the Supreme Court held that "a structure that is specifically designed for overnight accommodation and physically capable of being occupied, but is winterized, covered, stored, and uninhabited at the time of a break-in, is an unoccupied structure for the purposes of R.C. 2911.13(A)." *Fazenbaker*, 163 Ohio St.3d 405, 2020-Ohio-6731, at ¶ 1. It follows that this is not the exceptional case where the weight of the evidence supports the conclusion that the trier of fact clearly lost its way.

{¶12} The second assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT DENIED DEFENDANT DUE PROCESS BY FAILING TO PROPERLY CHARGE THE JURY ABOUT "UNOCCUPIED STRUCTURE" AND BY ALLOWING THE STATE TO ASK A QUESTION THAT PRESUMED DEFENDANT'S GUILT.

{¶13} In his fourth assignment of error, Fazenbaker contends that the trial court violated his due process rights when it gave jury instructions that presumed that the trailer in question was "a structure[.]" Fazenbaker further contends that the trial court improperly permitted the State to ask Officer Shawn Brady how Fazenbaker may have entered the trailer. This Court disagrees with both assertions.

Jury Instructions

{¶14} Fazenbaker argues that "[a] review of the jury charges indicates that the [t]rial [c]ourt falsely assumed the trailer in question was a structure, which gave the impression to the jury that the fully covered trailer was a structure pursuant to R.C. 2911.13." Fazenbaker maintains that the trial court's failure to define the term unoccupied structure created confusion for the jury.

{¶15} A review of the record reveals that when Fazenbaker moved for a judgment of acquittal on the basis that the State failed to demonstrate that this case involved an "unoccupied structure[,]" the trial court noted that there had been a "lengthy discussion" about the issue in chambers. The trial court noted that the term unoccupied structure was not defined in the Ohio Revised Code. Based on the definition of occupied structure set forth in R.C. 2909.01(C), however, the trial court observed that the trailer in this case could be considered an unoccupied structure given that it was a "shelter or structure" intended for temporary living that was not in use at the time of the break in. The trial court ultimately denied the Crim.R. 29(A) motion on the basis that the issue should go to the jury because reasonable jurors could differ as to whether the State had proven whether the trailer constituted an unoccupied structure. The trial court instructed the jury shortly thereafter. While the trial court set forth the elements of breaking and entering, and further instructed the jury that the State was required to prove every element of the

charged offense, the trial court did not define the term "unoccupied structure." Fazenbaker did not object to the jury instructions.

{¶16} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "In order to constitute plain error, an error must be obvious and have a substantial adverse impact on the integrity of and the public's confidence in judicial proceedings." *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995). A reviewing court must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice. *State v. Bray*, 9th Dist. Lorain No. 03CA008241, 2004-Ohio-1067, ¶ 12. This Court will not reverse the judgment of the trial court on the basis of plain error unless appellant has demonstrated that the outcome of trial clearly would have been different but for the alleged error. *State v. Kobelka*, 9th Dist. Lorain No. 01CA007808, 2001 WL 1379440, *2 (Nov. 7, 2001).

{¶17} Fazenbaker cannot prevail on his challenge to the jury instructions. Absent plain error, a party waives any challenge to jury instructions unless the party "objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Crim.R. 30(A). Here, Fazenbaker did not object to the trial court's jury instructions pursuant to Crim.R. 30(A). Accordingly, he has forfeited all but plain error. Fazenbaker has not set forth a plain error argument on appeal. "[T]his Court will not undertake a plain error analysis sua sponte when the appellant has failed to assert such an argument in his brief." *State v. Gray*, 9th Dist. Wayne No. 08CA0057, 2009-Ohio-3165, ¶ 7. Accordingly, this Court declines to create a plain error argument on Fazenbaker's behalf.

Testimonial Evidence

**{¶18}** Fazenbaker contends that the trial court improperly permitted the State to elicit Officer Brady's opinion as to how Fazenbaker may have entered the trailer. Though Fazenbaker references due process in his assignment of error, he has not pointed to a constitutional standard in support of his position. *See* App.R. 16(A)(7). Instead, Fazenbaker simply asserts that the State's question was highly prejudicial because it presumed his guilt.

**{¶19}** This Court generally reviews a trial court's decision to admit testimony for an abuse of discretion. *See State v. Green*, 9th Dist. Summit No. 29120, 2019-Ohio-4967, ¶ 18. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶20}** Officer Brady was dispatched to Storage Zone on May 31, 2017, in response to a reported breaking and entering. Officer Brady testified that upon arriving at Storage Zone, he encountered D.B. and R.B., who explained that someone had broken into their trailer. D.B. and R.B. had not used the trailer since late 2015. When they arrived to do some work on the trailer in preparation for an upcoming camping trip, they noticed that the window on the side of the trailer was open. Officer Brady entered through the man door and found the inside of the trailer in disarray. Several items had been stolen. Officer Brady also found a cigarette butt on the floor of the trailer. Given that D.B. and R.B. did not smoke, Officer Brady took the cigarette butt into evidence.[1]

---

[1] The State filed a pretrial motion pursuant to Evid.R. 404(B) to introduce evidence that Fazenbaker had been involved in a separate theft at the same storage facility where law enforcement had discovered a cigarette butt. DNA testing on the cigarette butt matched Fazenbaker's DNA profile. The trial court granted the motion. Prior to Officer Brady taking the witness stand, Detective Lombardi testified that in January 2017 he investigated a theft involving

8

{¶21} On cross-examination, defense counsel inquired as to whether the perpetrator used force in entering the trailer. Officer Brady acknowledged that it did not appear force was used. Pressing the point, defense counsel then asked, "[s]o * * * there was no evidence presented to you that anyone manipulated any sort of locks or windows to enter the RV?" Officer Brady responded in the negative and explained, "There was just no force on the door. * * * Nobody used a crowbar to get in and pull the door open or anything like that." After establishing that Officer Brady did not obtain fingerprints at the scene, defense counsel then asked whether "[t]he defendant's DNA was [] derived from any other sources [other than] the cigarette butt[.]" Officer Brady testified that the cigarette butt was the sole source of DNA evidence and that he did not recover any other evidence at the scene.

{¶22} On re-direct examination, the State asked Officer Brady if there was anything that caught his attention when he first saw the trailer. Officer Brady testified that he saw a small window popped open with the screen missing. The State then asked, "based upon your professional experience, how do you believe the defendant may have entered that vehicle?" Defense counsel objected and the trial court overruled the objection. Officer Brady then answered, "I believe through the window."

{¶23} The trial court did not abuse its discretion when it permitted Officer Brady to answer the State's question regarding how Fazenbaker may have entered the vehicle. The testimony at issue occurred during a line of questioning regarding how the trailer may have been breached. On cross-examination, defense counsel acknowledged the fact that Fazenbaker's

---

a Matco Tool truck at the storage facility. DNA testing on a cigarette butt found at the scene in that case resulted in a match with Fazenbaker. The parties stipulated to the BCI report from the prior case. Subsequently, after Officer Brady had testified, the State called a forensic analyst from BCI who testified that DNA testing on the cigarette butt found at the scene in this case also matched Fazenbaker's DNA profile.

DNA was found on the cigarette butt located inside the trailer. In turn, the State took up a line of questioning on redirect examination regarding how Fazenbaker might have entered the trailer. Under these circumstances, we cannot say that the trial court's decision to overrule the objection was unreasonable, arbitrary or unconscionable given the context of Officer Brady's testimony. *See Blakemore*, 5 Ohio St.3d at 219. Even assuming arguendo that overruling Fazenbaker's objection was improper, any error was harmless given that the State presented separate evidence that Fazenbaker's DNA was on the cigarette butt located inside the trailer. *See* Crim R. 52(A); *State v. Williams*, 6 Ohio St.3d 281 (1983), at paragraph six of the syllabus.

{¶24} The fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SENTENCING DEFENDANT TO CONSECUTIVE PRISON SENTENCES AFTER HE INSISTED ON HIS CONSTITUTIONAL RIGHT TO TRIAL.

{¶25} In his final assignment of error, Fazenbaker raises multiple arguments in support of his contention that the trial court erred in imposing consecutive sentences. Most notably, Fazenbaker contends that the trial court did not make the required findings in support of its decision to impose consecutive sentences.

{¶26} At sentencing, the trial court imposed a 12-month prison sentence on the sole count of breaking and entering and ordered Fazenbaker to pay $500 in restitution. The trial court further ordered the sentence in this matter to be served consecutive to the sentence in Case No. CR-2017-05-1544, where Fazenbaker was already serving an 18-month prison term for grand theft.

{¶27} The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that

the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2).

{¶28} R.C. 2929.41 states, in part, that except as provided under R.C. 2929.14(C), "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state[.]" In order to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. Notably, however, the trial court "has no obligation to state reasons to support its findings." *Id.* R.C. 2929.14(C) does not differentiate between imposing consecutive sentences on multiple counts in a single case and imposing consecutive sentences on multiple counts in separate cases. *See State v. Gossett*, 8th Dist. Cuyahoga No. 107871, 2019-Ohio-3284, ¶ 8.

{¶29} R.C. 2929.14(C)(4) provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶30}  A review of the record in this case reveals that the trial court did not make findings in support of consecutive sentences at the sentencing hearing, nor did it set forth such findings in its sentencing entry.  The State has conceded error on this point on appeal.  This matter must be remanded for the limited purpose of providing the trial court with an opportunity to make findings in support of its decision to impose consecutive sentences.

{¶31}  The fifth assignment of error is sustained to the extent that the trial court did not make the requisite findings in support of its decision to impose consecutive sentences.

### III.

{¶32}  Fazenbaker's second and fourth assignments of error are overruled.  Fazenbaker's fifth assignment of error is sustained to the limited extent that this matter must be remanded to provide the trial court with an opportunity to make findings in support of its decision to impose consecutive sentences.  The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JAMES W. ARMSTRONG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.